UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

DELAWARE NORTH COMPANIES TRAVEL )   ANSWER AND COUNTER-
HOSPITALITY SERVICES, INC. fka CA ONE )   CLAIMS FOR JUDGMENT
SERVICES, INC. )   ENFORCING THE
Hancock International Airport )   ARBITRATION AWARD AND
North Syracuse, NY  13212, )   FOR ATTORNEYS FEES
 )
           Plaintiff, )
 )   Civil Action No. 5:07-CV-00626
      -against- )   DNH/DEP
 )
UNITE HERE! )
275 7th Avenue )
New York, NY  10001-6708, )
 )
           Defendant. )
------------------------------------------------------------------

Defendant, UNITE HERE! ("Union") by its attorneys, Blitman & King LLP, answers the Complaint as follows:

1. **ADMITS** each and every allegation contained in paragraph "1".

2. **ADMITS** each and every allegation contained in paragraph "2".

3. **ADMITS** each and every allegation contained in paragraph "3".

4. **ADMITS** each and every allegation contained in paragraph "4".

5. **DENIES** each and every allegation contained in paragraph "5".

6. **ADMITS** such part of paragraph "6" that alleges CA One and Union are parties to a collective bargaining agreement covering bargaining unit members employed at CA One's retail business (a pub) at Hancock Airport and affirmatively states that the airport is located in Syracuse, New York; and **ADMITS** such part of paragraph "6" that alleges the collective bargaining agreement ("Agreement") at issue covers the period from November 1, 2003 through October 31, 2008 and

respectfully refers the Court to the Agreement in its entirety as the best evidence of its content and meaning.

7. **ADMITS** that the agreement allows employees to be dismissed for just cause and includes language from Article V, and respectfully refers the Court to the Agreement in its entirety as the best evidence of its content and meaning.

8. **ADMITS** that the agreement includes quoted language from Article V, respectfully refers the Court to the Agreement in its entirety as the best evidence of its content and meaning.

9. **ADMITS**, upon information and belief, each and every allegation contained in paragraph "9".

10. **ADMITS** such part of paragraph "10" that alleges the work rules for "alcoholic beverages" includes the quoted language, affirmatively states that the remaining allegations call for a legal conclusion, respectfully refers the Court to the work rules in its entirety as the best evidence of its content and meaning, and affirmatively states that the facts pertinent to the dispute that is the subject of the arbitration are contained in the Decision of Arbitrator Eric W. Lawson, whose factual findings are not reviewable by this Court and denies all other allegations.

11. **ADMITS** such part of paragraph "11" that alleges on May 25, 2006 grievant Charles Miller, an employee at CA One's Hancock Airport served alcohol to a underage female, **DENIES** each and every other allegation, affirmatively states that the facts pertinent to the dispute that is the subject of the arbitration are contained in the Decision of Arbitrator Eric W. Lawson, whose factual findings are not reviewable by this Court, and respectfully refers the Court to the Arbitrator's Decision in its entirety as the best evidence of its content and meaning.

12. **ADMITS** such part of paragraph "12" that alleges grievant Miller was discharged from his employment with CA One, the Union filed a grievance on his behalf, a copy of which is attached to the Complaint as Exhibit 3, and the parties pursued arbitration, **DENIES** grievant was terminated on June 9, 2006, and affirmatively states that the facts pertinent to the dispute that is the subject of the arbitration are contained in the Decision of Arbitrator Eric W. Lawson, whose factual findings are not reviewable by this Court.

13. **ADMITS** such part of paragraph "13" that alleges the parties participated in evidentiary hearing on the grievance before Arbitrator Eric W. Lawson on March 8, 2007, and affirmatively states that the hearing was held in Syracuse, New York and the facts pertinent to the dispute that is the subject of the arbitration are contained in the Decision of Arbitrator Eric W. Lawson, whose factual findings are not reviewable by this Court.

14. **ADMITS** each and every allegation contained in paragraph "14".

15. **ADMITS**, upon information and belief, each and every allegation contained in paragraph "15".

16. **ADMITS** such part of paragraph "16" that alleges Arbitrator Eric W. Lawson made factual findings regarding the grievance, but **DENIES** each and every other allegation contained in "16", affirmatively states that the facts pertinent to the dispute that is the subject of the arbitration are contained in the Decision of Arbitrator Eric W. Lawson, whose factual findings are not reviewable by this Court, and respectfully refers the Court to the Arbitrator's Decision in its entirety as the best evidence of its content and meaning.

17. **ADMITS** such part of paragraph "17" that alleges Arbitrator Eric W. Lawson concluded that CA One "lacked just cause to terminate" the grievant, he reduced the grievant's discharge to a

suspension without back pay, but **DENIES** each and every other allegation contained in paragraph "17", affirmatively states that the facts pertinent to the dispute that is the subject of the arbitration are contained in the Decision of Arbitrator Eric W. Lawson, whose factual findings are not reviewable by this Court, and respectfully refers the Court to the Arbitrator's Decision in its entirety as the best evidence of its content and meaning.

18.   **DENIES** each and every allegation contained in the Complaint not heretofore specifically admitted, denied, or otherwise controverted.

### FIRST AFFIRMATIVE DEFENSE

19.   The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

20.   The proceeding was not properly commenced within the applicable statute of limitations.

21.   The proceeding is barred by the applicable statute of limitations.

### FIRST COUNTERCLAIM

22.   This counterclaim seeks judgment confirming the award of Arbitrator Eric W. Lawson dated March 24, 2007. A copy of the Arbitrator's decision and award is attached to the Complaint as Exhibit "4".

23.   Effective November 1, 2003, the Union and the Plaintiff entered into the Agreement, setting forth the terms and conditions of employment of a unit of employees whose collective bargaining representative is the Union. A copy of that Agreement is attached to the Complaint as Exhibit "1".

24.   The Agreement, at Articles VI and VII, provides a mandatory grievance and arbitration procedure governing the resolution of disputes under the Agreement. The Agreement specifically

provides that an arbitration rendered pursuant to that procedure is "final and binding upon the Company, the Union and the employees." See Exhibit 1 attached to Complaint at p. 12-13.

25. On or about June 7, 2006, the Union requested a meeting with Plaintiff to discuss its grievance alleging the discharge of Grievant Charles Miller violated the Agreement.

26. Pursuant to the Agreement, an arbitration hearing was held before Arbitrator Eric W. Lawson on March 8, 2007 in Syracuse, New York. Both parties appeared at the hearing, were represented by counsel, and had the opportunity to present witnesses and evidence in support of their respective positions.

27. The parties agreed to submit for resolution by the Arbitrator the Union's claim that the Plaintiff lacked just cause to terminate grievant.

28. By award dated March 24, 2007 ("Award"), the Arbitrator determined the Plaintiff violated the Agreement because it lacked just cause to terminate Grievant Miller.

29. The award of the Arbitrator is final and binding upon the Plaintiff.

30. Upon information and belief, the Plaintiff received the decision and award on March 27, 2007.

31. The Plaintiff has failed and refused and continues to fail and refuse to comply with the Arbitrator's decision and award.

## SECOND COUNTERCLAIM

32. Defendant restates and realleges each and every allegation contained in paragraphs "1" through "31" as if fully set forth herein.

33. The Plaintiff's refusal to comply with the award is unjustifiable and baseless.

5

34. In addition, the Plaintiff's action to vacate the Arbitrator's award is frivolous and without legal or factual basis.

35. As a result, the Union has incurred substantial attorneys fees in this action and will continue to incur attorneys fees in the future.

**WHEREFORE,** the Union demands judgment against the Plaintiff granting the following relief: dismissing the Complaint; enforcing the award of Arbitrator Eric W. Lawson; ordering the Plaintiff to comply with the award; awarding back pay to grievant from date of receipt of arbitration award by plaintiff until reinstatement by plaintiff; granting attorneys fees and costs to the Union; and granting such other and further relief as the Court deems appropriate.

Dated: July 16, 2007

BLITMAN & KING LLP

By: *(signature)*
Stephanie A. Miner
Attorneys for Defendant UNITE HERE!
Office and Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204
Telephone: (315) 422-7111

jas\sam\UNITE\Pleadings\Answer